**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE, INDIANA**

| | |
|---|---|
| **ELISABETH FIELDS** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) CAUSE NO. 1:22-cv-00620 |
| **WESTON FOODS US HOLDINGS, INC** | ) |
| | ) |
| **Defendant,** | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, name-above, complains of act and omissions by the Defendant. In support of her Complaint and as cause of action against the Defendant, Plaintiff respectfully submits the following:

**JURISDICTION**

1. This suit is authorized and instituted pursuant to Title VII 42 U.S.C. § 2000e.

2. Plaintiff fled a charge with the Equal Employment Opportunity Commission (EEOC) and received a notice to sue on December 30, 2021.

**PARTIES**

3. Plaintiff is an African American woman and at all relevant times she resided in the Southern District of Indiana.

4. Defendant is a corporation doing business in the State of Indiana in the Southern District of Indiana.

**FACTS**

5. On December 30, 2015, Plaintiff was hired to work at Defendant as a Sanitation Manager.

6. Plaintiff was the only African American woman at her level, the only African American in a quality role, and the only African American in sanitation in a managerial role.

7. Plaintiff performed my job well.

8. Throughout Plaintiff's time at Defendant, Plaintiff sought out advancement in the company but management would frequently choose outside Caucasian male hires instead of promoting Plaintiff.

9. Any time new position or new role became available, the Defendant would not post the job, and instead Plaintiff's manager would hire Caucasian external candidates which Plaintiff's manager would refer to as "his people."

10. When Plaintiff would frequently talk to her manager about seeking promotions and advancement, Plaintiff's manager would direct Plaintiff to jobs she had already done or demotions and then refer Plaintiff to talk to the corporate.

11. When Plaintiff would reach out to the Corporate, he would not have knowledge of open positions before they were filled.

12. In March of 2020, Plaintiff made a complaint to her supervisor about a Caucasian employee, who frequently referred to me as 'girl'. In response, Plaintiff's supervisor confronted me and asked me "What do you mean he called you a girl, is that racist?!"

13. Later Plaintiff's supervisor asked me to report to her Caucasian co-worker even though they were lateral positions.

14. When Plaintiff asked why she needed to report to her Caucasian co-worker, Plaintiff's supervios stated, "I'm trying to save you, I'm trying to protect you."

15. Throughout 2021, Plaintiff continued to ask her supervisor about job opportunities that had opened internally, but he would only notify staff to state that a person had been promoted and would never release any actual postings.

16. On April 12, 2021, Plaintiff made a complaint to Corporate Management about the lack of opportunities within the company, and how Plaintiff did not feel like she was a part of the senior leadership team.

17. Later that day, Plaintiff's supervisor called her into his office to discuss my complaint and began yelling at Plaintiff. Corporate HR, was brought into the meeting and afterwards encouraged me to write a formal statement that she would submit to her manager.

18. Plaintiff submitted the statement to Defendant's HR. No further action was taken.

19. HR stated that Plaintiff should apologize for her actions in the meeting, and meet with the diversity coordinator so that Plaintiff's supervisor could better "understand" racism.

20. In August of 2021, there was a presumptive listeria outbreak in the plant, and the company had to temporarily shut down operations. Plaintiff followed the company's typical chain of command to report necessary issues, and also conducted the cleaning and sanitation issues according to company policy.

21. On August 27, 2021, Plaintiff was terminated for not following corporate procedures and allowing a corporate representative inside the plant.

22. However, Plaintiff followed the procedures the company required of her, and corporate representatives were allowed in the plant.

23. Plaintiff was terminated due to her gender.

24. Plaintiff was terminated due to her race.

25. Plaintiff was not promoted due to her race.

26. Plaintiff was terminated due to engaging in protected activity.

**COUNT I**

27. Plaintiff incorporates by reference paragraphs 1-26.

28. Defendant, as a result of terminating Plaintiff due to her gender, violated Title VII 42 U.S.C. § 2000 et al.

**COUNT II**

29. Plaintiff incorporates by reference paragraphs 1-26.

30. Defendant, as a result of terminating Plaintiff due to Plaintiff engaging in protected activity, violated Title VII 42 U.S.C. § 2000 et al.

**COUNT III**

31. Plaintiff incorporates by reference paragraphs 1-26.

32. Defendant, as a result of terminating Plaintiff due to her race, violated Title VII 42 U.S.C. § 2000 et al.

**COUNT IV**

33. Plaintiff incorporates by reference paragraphs 1-26.

34. Defendant, as a result of terminating Plaintiff due to her race, violated 42 U.S.C. § 1981.

**COUNT V**

35. Plaintiff incorporates by reference paragraphs 1-26.

36. Defendant, as a result of terminating Plaintiff for engaging in protected activity, violated 42 U.S.C. § 1981.

**COUNT VI**

37. Plaintiff incorporates by reference paragraphs 1-26.

38. Defendant, as a result of failing to promote Plaintiff due to her race, violated 42 U.S.C. § 1981.

**COUNT VII**

39. Plaintiff incorporates by reference paragraphs 1-26.

40. Defendant, as a result of failing to promote Plaintiff due to her race, violated Title VII 42 U.S.C. § 2000 et al.

WHEREFORE, Plaintiff respectfully requests that the Court grant the following relief:

A. Award Plaintiff back pay and benefits lost;

B. Award Plaintiff compensatory damages for future pecuniary loss, emotional pain and suffering, inconvenience, mental anguish and loss of enjoyment of life;

C. Award Plaintiff punitive damages;

D. Award Plaintiff liquidated damages;

E. Award Plaintiff his cost in this action and reasonable attorney fees;

F. Grant Plaintiff any other relief which is allowable under the circumstances of this case.

Respectfully Submitted

s//Amber K. Boyd
Amber K. Boyd 31235-49
Attorney for Plaintiff

**REQUEST FOR JURY TRIAL**

Comes now the Plaintiff and requests that this cause be tried by a jury.

Respectfully Submitted

s//Amber K. Boyd
Amber K. Boyd 31235-49
Attorney for Plaintiff

Amber K. Boyd 31235-49
Amber K. Boyd Attorney at Law
8510 Evergreen Avenue
Indianapolis, in 46240
(317) 210-3416